UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

GRACIELA HARRY,

    Plaintiff,

v.

TOGETHERHEALTH PAP, LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

1. Plaintiff, GRACIELA HARRY ("Ms. Harry" or "Plaintiff"), brings this action against Defendant, TOGETHERHEALTH PAP, LLC ("TH" or "Defendant") for gender/sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, at Chapter 760, FLA. STAT. ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and Plaintiff's attorneys' fees and costs.

**JURISDICTION**

3. This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law and this Court has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same set of operative facts as Plaintiff's Title VII claims and are so related to Plaintiff's Title VII claims that it forms part of the same case

or controversy.

4. The actions giving rise to this lawsuit occurred in Orange County, Florida.

**VENUE**

5. Venue is proper because Defendant conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, where the actions at issue took place.

**PARTIES**

6. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and Title VII because:

    a. She is a female employee who suffered gender-based harassment/discrimination and retaliation because of her sex/gender by Defendant;

    b. She suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of belonging to this protected category; and

    c. Plaintiff also was retaliated against and discharged for opposing Defendant's illegal and discriminatory workplace practices.

7. Defendant was at all material times an "employer" as envisioned by the FCRA and Title VII because it employed in excess of fifteen (15) employees.

8. Defendant is foreign limited liability company that operates in, among other places, Orange County, Florida.

## CONDITIONS PRECEDENT

9. Plaintiff, on or about March 9, 2020, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant.

10. More than 180 days have passed since the dual filing of her Charge, and Plaintiff's FCRA claims are ripe.

11. Plaintiff received her Right to Sue letter from the EEOC on October 12, 2022.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Ms. Harry worked for TH as Senior Director of Operations (Sales) from May 10, 2021, until her termination on July 27, 2021.

15. Ms. Harry was the only female in a Director role at TH.

16. Ms. Harry was treated differently from her fellow Directors, all of whom were male, from the start of her employment.

17. TH's male Directors were routinely provided executive-level insights regarding strategy and site growth, but Ms. Harry was left to fend for herself.

18. Meetings were routinely held without Ms. Harry.

19. On or around June 7, 2021, TH sent a corporate team led by three (3)

males to "help," but no details were given as to what they were supposed to help with.

20. Two (2) of these individuals improperly frolicked with subordinates of Ms. Harry's in a hot tub, and boasted about their escapade afterwards.

21. Ms. Harry reported this inappropriate incident to TH's Human Resources Department.

22. After Ms. Harry reported this incident, TH management clearly and swiftly pulled away from supporting Ms. Harry, leaving her on an island.

23. Ms. Harry's Supervisor, Scott Black, canceled one-on-one meetings with Ms. Harry and did not have much contact with Ms. Harry.

24. Shortly thereafter, Ms. Harry met with TH Vice President of Human Resources John Parker about one of her female subordinates, who had been involved in the hot tub debacle.

25. . Mr. Parker said, "she needs to go" and that "we do not need any immature female drama from her."

26. On June 21, 2021, TH's Senior Director of Training, Milan Messerli, called Ms. Harry and ignorantly asked Ms. Harry what kind of a "shit show" Ms. Harry was "running."

27. It turned out that Mr. Messerli was referring to an incident of noncompliance about which Ms. Harry had not even been made aware by TH, which was typical of Mr. Messerli's sloppy approach to his job.

28. Nevertheless, thereafter TH excluded Ms. Harry from more and more conference calls and meetings.

29. On July 19, 2021, TH Director Kwesi Dadzie, who worked in Tampa, gave Ms. Harry the friendly warning that TH had put a target on her back and that being a female would make things "tough" for her at TH.

30. Ms. Harry thanked Mr. Dadzie for his candor, and asked him what he thought she could do to improve her prospects.

31. Mr. Dadzie frankly admitted that there was likely nothing to be done, and that Mr. Parker had had problems with female employees in the past.

32. Mr. Dadzie further disclosed to Ms. Harry that Mr. Parker and Mr. Black felt that Ms. Harry had made one of her Team Leads an Agent to be "catty."

33. Not surprisingly, on July 27, 2021, TH informed Ms. Harry that it had decided to terminate her employment, effective immediately.

34. Plaintiff's discharge from her employment was due to the severe and pervasive discriminatory treatment Plaintiff suffered based on her gender/sex, and for her complaints regarding same.

35. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

36. At all material times hereto, Plaintiff was ready, willing, and able to perform her job duties.

37. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and retaliation suffered by Plaintiff.

## COUNT I
## GENDER BASED DISCRIMINATION IN VIOLATION OF TITLE VII

38. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 37 of the Complaint, as if fully set forth in this Count.

39. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under Title VII.

40. Plaintiff is female.

41. Plaintiff was subjected to severe and pervasive discriminatory treatment because of her sex/gender, and as a result was discharged.

42. Plaintiff was subjected to disparate treatment due to her sex/gender.

43. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

44. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER TITLE VII

46. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 37 of the Complaint, as if fully set forth in this Count.

47. The acts of Defendant by and through its agents and employees, willfully violated Plaintiff's rights against being retaliated against for opposing gender-based discrimination under Title VII.

48. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, unlawful discharge, in conjunction with the retaliatory hostile work environment.

49. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. Plaintiff is entitled to recover and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to Title VII.

51. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII, that Defendant make Plaintiff whole for

her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## GENDER BASED DISCRIMINATION IN VIOLATION OF THE FCRA

52. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 37 of the Complaint, as if fully set forth in this Count.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender-based discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

54. Plaintiff is female.

55. Plaintiff was discharged only because of her sex/gender, and would not have been, but for her sex/gender.

56. Defendant did not have a legitimate, non-discriminatory, reason for Plaintiff's discharge nor good faith basis for Plaintiff's discharge based on her gender.

57. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

60. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages,; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat., and provide any additional relief that this Court deems just.

## COUNT IV
## RETALIATION UNDER THE FCRA

61. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 37 of the Complaint, as if fully set forth in this Count.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing gender-based

9

discrimination under Florida Civil Rights Act, Chapter 760, Fla. Stat.

63. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, adverse employment action, in conjunction with the retaliatory hostile work environment.

64. The illegal conduct of Defendant, its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her

reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 8th day of December, 2022.

                                                    Respectfully submitted,

                                                    */s/ Noah E. Storch*
                                                    Noah E. Storch, Esq.
                                                    Florida Bar No. 0085476
                                                    RICHARD CELLER LEGAL, P.A.
                                                    10368 West State Road 84, Suite 103
                                                    Davie, Florida 33324
                                                    Telephone: (866) 344-9243
                                                    Facsimile: (954) 337-2771
                                                    E-mail: noah@floridaovertimelawyer.com

                                                    *Attorneys for Plaintiff*